UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

2030 EL SEGUNDO BLVD., LLC,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY, et al.,

Defendants.

Case No. 2:26-cv-07851-FLA (AJRx)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE TRANSFERRED TO A DISTRICT COURT IN OHIO, ARIZONA, OR NEVADA**

On May 29, 2026, Plaintiff 2030 El Segundo Blvd, LLC ("Plaintiff") filed the Complaint in the Los Angeles County Superior Court, requesting declaratory relief regarding Defendant Scottsdale Insurance Company's ("Defendant") rights and duties under Plaintiff's insurance policies with Defendant. Dkt. 1-1 at 11–12.[1] On July 17, 2026, Defendant removed this action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 at 2. Defendant states it is incorporated under the laws of Ohio and maintains its principal place of business in Arizona, and that Plaintiff is

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers listed in documents natively.

incorporated under the laws of Nevada and maintains its principal place of business in that state. *Id.* at 4 ¶¶ 9–10.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court may "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

It is undisputed that the parties are not citizens of California. Furthermore, the parties have not submitted copies of the insurance policies or presented any facts to establish any connection between the subject action and this district, beyond that Plaintiff seeks a determination of Defendant's rights and duties in connection with an underlying action that was filed in the Los Angeles County Superior Court involving real property located in this district. Dkt. 1-1 at 12–13. It is unclear where the insurance policies at issue were negotiated and signed, or where any relevant witnesses and documents may be located.

Accordingly, the parties are ORDERED to show cause in writing ("OSC"), within fourteen (14) days of the docketing of this Order, why this action should not be transferred to a United States District Court in Ohio, Arizona, or Nevada. The parties' responses shall not exceed 15 pages each. Failure to respond timely shall result in the transfer of this action without further notice from the court.

IT IS SO ORDERED.

Dated: September 14, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge